**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

TARA DANIELLE COX,

    Plaintiff,

v.

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

    Defendant.

Civil Action No. 12-6705 (MCA)

OPINION

December 9, 2014

ARLEO, UNITED STATES DISTRICT JUDGE

## I. INTRODUCTION

Before this Court is Plaintiff Tara Danielle Cox's ("Plaintiff") request for review, pursuant to 42 U.S.C. §§ 1383(c)(3), 405(g), of Administrative Law Judge Donna R. Krappa's (the "ALJ") unfavorable decision with respect to Plaintiff's application for Disability Benefits.[1]

In short, Plaintiff argues that the Commissioner's decision is not supported by substantial evidence because the ALJ failed to properly evaluate the medical evidence and failed to properly assess the Plaintiff's residual functional capacity ("RFC"). For the reasons set forth in this Opinion, the Court finds that the Commissioner's decision is supported by substantial evidence and therefore must be **AFFIRMED**.

---

[1] The ALJ's decision is imputed to the Commissioner of Social Security, who is the defendant in any appeal to the District Court. Therefore, the Court shall refer to the ALJ's April 4, 2012, decision as that of the Commissioner.

## II. APPLICABLE LAW

### a. Standard of Review

This Court has jurisdiction to review the Commissioner's decision under 42 U.S.C. § 405(g). This Court must affirm the Commissioner's decision if there exists substantial evidence to support the decision. 42 U.S.C. § 405(g); Markle v. Barnhart, 324 F.3d 182, 187 (3d Cir. 2003). Substantial evidence, in turn, "means such relevant evidence as a reasonable mind might accept as adequate." Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995). Stated differently, substantial evidence consists of "more than a mere scintilla of evidence but may be less than a preponderance." McCrea v. Comm'r of Soc. Sec., 370 F.3d 357, 360 (3d Cir. 2004).

"[T]he substantial evidence standard is a deferential standard of review." Jones v. Barnhart, 364 F.3d 501, 503 (3d Cir. 2004). Accordingly, the standard places a significant limit on the district court's scope of review: it prohibits the reviewing court from "weigh[ing] the evidence or substitut[ing] its conclusions for those of the fact-finder." Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992). Therefore, even if this Court would have decided the matter differently, it is bound by the Commissioner's findings of fact so long as they are supported by substantial evidence. Hagans v. Comm'r of Soc. Sec., 694 F.3d 287, 292 (3d Cir. 2012) (quoting Fargnoli v. Massanari, 247 F.3d 34, 35 (3d Cir. 2001)).

In determining whether there is substantial evidence to support the Commissioner's decision, the Court must consider: "(1) the objective medical facts; (2) the diagnoses of expert opinions of treating and examining physicians on subsidiary questions of fact; (3) subjective evidence of pain testified to by the claimant and corroborated by family and neighbors; and (4) the claimant's educational background, work history, and present age." Blalock v. Richardson, 483 F.2d 773, 776 (4th Cir. 1973).

2

### b. Five-Step Sequential Analysis

In order to determine whether a claimant is disabled, the Commissioner must apply a five-step test. 20 C.F.R. § 404.1520(a)(4). First, it must be determined whether the claimant is currently engaging in "substantial gainful activity." 20 C.F.R. § 404.1520(a)(4)(i). "Substantial gainful activity" is defined as work activity, both physical and mental, that is typically performed for either profit or pay. 20 C.F.R. § 404.1572. If it is found that the claimant is engaged in substantial gainful activity, then he or she is not disabled and the inquiry ends. Jones, 364 F.3d at 503. If it is determined that the claimant is not engaged in substantial gainful activity, the analysis moves on to the second step: whether the claimed impairment or combination of impairments is "severe." 20 C.F.R. § 404.1520(a)(4)(ii). The regulations provide that an impairment or combination of impairments is severe only when it places a significant limit on the claimant's "physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c). If the claimed impairment or combination of impairments is not severe, the inquiry ends and benefits must be denied. Id.; Ortega v. Comm'r of Soc. Sec., 232 F. App'x 194, 196 (3d Cir. 2007).

At the third step, the Commissioner must determine whether there is sufficient evidence showing that the claimant suffers from a listed impairment. 20 C.F.R. § 404.1520(a)(4)(iii). If so, a disability is conclusively established and the claimant is entitled to benefits. Jones, 364 F.3d at 503. If not, the Commissioner, at step four, must ask whether the claimant has "residual functional capacity" such that he is capable of performing past relevant work; if that question is answered in the affirmative, the claim for benefits must be denied. Id. Finally, it the claimant is unable to engage in past relevant work, the Commissioner must ask, at step five, "whether work exists in significant numbers in the national economy" that the claimant is capable of performing in light of "his medical impairments, age, education, past work experience, and 'residual functional

3

capacity.'" 20 C.F.R. §§ 404.1520(a)(4)(iii)-(v); Jones, 364 F.3d at 503. The claimant bears the burden of establishing steps one through four, while the burden of proof shifts to the Commissioner at step five. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

### III. ANALYSIS

Plaintiff first applied for disability insurance on October 26, 2010, alleging disability as of June 7, 2010. (Dkt. No. 9, Tr. 50).[2] That application was subsequently denied both initially and upon reconsideration, and Plaintiff ultimately sought her first hearing before the ALJ, which occurred on January 19, 2012. (Tr. 27). Following that hearing, the ALJ issued a decision on April 4, 2012, finding that Plaintiff did not have a disability. (Tr. 19-26).

As to the first step of the five-step analysis, the ALJ found that the claimant was not engaged in substantial gainful activity. Next, the ALJ found that Plaintiff has the following severe impairments: (1) diabetes mellitus, and (2) obesity. Turning to step three, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of a listed impairment.

The ALJ next determined Plaintiff's residual functional capacity ("RFC") to be for performing light work as defined by 20 C.F.R. § 404.1567(b). Specifically, the ALJ concluded Plaintiff could lift/carry 20 pounds occasionally and 10 pounds frequently, stand/walk for 6 hours in an 8-hour workday, sit for 6 hours in an 8-hour workday, and perform unlimited pushing and pulling within the above weight restrictions. Based upon Plaintiff's past work experience of cashier/checker, the ALJ concluded Plaintiff could return to her past relevant work, and, therefore, was not disabled.

---

[2] The Court will cite to the page numbers located at the bottom right of each page of the administrative record.

Plaintiff's moving brief first contains a section titled "The Commissioner Improperly Evaluated the Medical Evidence," which contains a laundry list of complaints with the ALJ's opinion. Many of these arguments do not contain any factual or legal citation and Plaintiff does not explain to which step(s) of the ALJ's five-step analysis these challenges are directed. Additionally, many of Plaintiff's challenges are premised upon a mistaken understanding of her burden of proof and the Court's standard of review. At steps 1-4,

> [The] Commissioner does not bear the burden of proof of absence of disability; to the contrary, it is Plaintiff who bears the burden of proof of disability. For Plaintiff to succeed on appeal in challenging a RFC determination, Plaintiff must show both that she offered substantial evidence of disability, and that the Commissioner's determination is not supported by substantial evidence.

Garbiras v. Comm'r of Soc. Sec., No. 13-4016, 2014 WL 4543491, at *2 (D.N.J. Sept. 12, 2014); see also Sassone v. Comm'r of Soc. Sec., 165 F. App'x 954, 955 (3d Cir. 2006) ("The presence of evidence in the record that supports a contrary conclusion does not undermined the Commissioner's decision so long as the record provides substantial support for the decision."). To the extent Plaintiff seeks to have the Court conduct a *de novo* review of the ALJ's decision or shift the burden at steps 1-4 to the Commissioner, these arguments are rejected.

It appears Plaintiff's primary argument is that the ALJ failed to consider her subjective complaints. (Dkt. No. 9, at 9). In assessing whether the claimant is disabled, the ALJ must give consideration to the claimant's subjective complaints of pain. 10 C.F.R. §§ 404.1529, 416.929; Dorf v. Bowen, 794 F.2d 896, 901 (3d Cir. 1986). Subjective complaints alone, however, will not establish that a claimant is disabled. Dorf, 794 F.2d at 901. Although "assertions of pain must be given serious consideration," Smith v. Califano, 637 F.2d 968, 972 (3d Cir. 1981), Plaintiff still "bears the burden of demonstrating that her subjective complaints were substantiated by medical evidence." Alexander v. Shalala, 927 F. Supp. 785, 795 (D.N.J. 1995), aff'd, 85 F.3d 611 (3d Cir.

5

1996). Accordingly, subjective claims of pain and impairment "will not alone establish . . . [disability]; there must be medical signs and laboratory findings . . . [demonstrating] medical impairments, which could reasonably be expected to produce the pain or other symptoms alleged." 20 C.F.R. § 404.1529(a). The Alexander Court further noted "[e]ven in situations where a subjective complaint of pain coincides with a known impairment, it is within the discretion of an ALJ to discount that claim if there is a rational basis to do so." Alexander, 927 F. Supp. at 795.

Here, the ALJ considered Plaintiff's subjective complaints, concluded that Plaintiff's impairments could reasonably be expected to cause the alleged symptoms, but found Plaintiff's statements as to the intensity, persistence, and limiting effects of these symptoms were not substantiated by the objective medical evidence. (Tr. 24). This determination is supported by substantial evidence. For example, Plaintiff routinely demonstrated normal gait and station. (Tr. 263, 266, 269, 377, 451, 456). Additionally, Plaintiff's own testimony reveals that she is able to engage in normal household tasks and walks her child to school each morning. (Tr. 24, 143-47). Additionally, Plaintiff testified she has not had an EMG test relating to these complaints. (Tr. 45). Plaintiff has not directed the Court to any objective medical evidence demonstrating she suffered from such pain and weakness such that the ALJ's determination was not supported by substantial evidence. That the ALJ concluded Plaintiff could engage in only light work demonstrates that the ALJ did, in fact, take Plaintiff's subjective complaints into consideration. Because the ALJ considered Plaintiff's subjective complaints, specifically explained how some of those complaints did not comport with objective medical evidence, and relied upon the complaints in determining Plaintiff's RFC, the Court finds that the ALJ did not simply bypass or disregard Plaintiff's subjective medical testimony.

Plaintiff also states: "Judge Krappa found that plaintiff had severe impairments, including diabetes mellitus and obesity but that she did not meet or equal a Listed Impairment (Tr. 22-23). No mention was made of the plaintiff's congestive heart failure, nephrotic syndrome or diabetic neuropathy." (Dkt. No. 13, at 9). It is unclear whether Plaintiff is asserting one of these three conditions constitute a Listed Impairment, if these conditions transform Plaintiff's diabetes mellitus or obesity into Listed Impairments, or if these conditions should have been considered in the ALJ's RFC determination. In any event, Plaintiff has failed to demonstrate that the ALJ's step three and step four determinations were not supported by substantial evidence. For example, while Dr. Mazhar Elamir noted on January 29, 2010, that Plaintiff suffered from congestive heart failure, Plaintiff failed to offer any evidence for the ALJ, or this Court, to conclude that Plaintiff suffered from Listing Section 4.02 (Chronic Heart Failure) or any other Listed Impairment. Objective medical testing during the relevant period does not reflect a disabling heart condition. (E.g., Tr. 311, 377, 383, 455). Similarly, Plaintiff does not point the Court to any evidence of neuropathy. As noted above, it is not the Commissioner's burden, or this Court's burden, to disprove Plaintiff's claimed disabilities.

Next, Plaintiff objects to the ALJ's statement that Plaintiff has been noncompliant with her treatment. Plaintiff's counsel argues that "[n]o doctor has noted in the record that if plaintiff took her medication as prescribed, it can restore plaintiff's ability to work." (Dkt. No. 13, at 11). Additionally, Plaintiff cites to SSR 96-7p which prohibits the ALJ from drawing any inferences from a claimant's condition based upon the claimant's failure to pursue medical treatment without considering any explanations provided by the claimant. Nearly identical arguments were considered, and rejected, by the court in Ford v. Comm'r of Soc. Sec., No. 12-3857, 2014 WL 1310174, at *10-12 (D.N.J. Mar. 31, 2014). Here, like Ford, the ALJ did not disqualify Plaintiff

from a finding of disability because her medical condition stemmed from unexcused non-compliance. (Tr. 24). Instead, the ALJ reviewed the entire record and concluded that Plaintiff's medical history, including records of incidents that arguably only resulted from Plaintiff's non-compliance, did not support a finding of disability. (Id.). In fact, it appears the ALJ's primary purpose in recognizing Plaintiff's non-compliance and Plaintiff's explanation of non-compliance (lack of financial resources) was to direct Plaintiff to certain free insulin programs for which she might qualify. (Tr. 24-25).

Plaintiff next challenges the ALJ's reliance on Dr. Rabelo's assessment of Plaintiff's medical records. Specifically, Plaintiff objects to Dr. Rabelo's finding that there was no evidence of "multiple" hospital admissions. (Tr. 55, 66). While Plaintiff may disagree as to the meaning of "multiple," it is clear that Dr. Rabelo considered Plaintiff's hospital admissions, as he analyzed the records of these visits in his reports. Plaintiff also fails to point to any specific medical evidence to contradict Dr. Rabelo's determination that Plaintiff does not suffer from severe organ damage. Based upon the substantial evidence standard of review, the Court cannot conclude that the ALJ's decision is not supported by substantial evidence.

Finally, while Plaintiff argues the ALJ failed to consider Plaintiff's obesity, the Court disagrees. The ALJ found Plaintiff's obesity was a severe impairment. (Tr. 23). Additionally, the ALJ specifically stated that she considered obesity at both step three and step four of her analysis. (Id.).

## IV.   CONCLUSION

Because the Court finds that the ALJ's decision is supported by substantial evidence, the Commissioner's disability determination is **AFFIRMED**. An appropriate order will follow.

*/s Madeline Cox Arleo*
**MADELINE COX ARLEO**
**UNITED STATES DISTRICT JUDGE**